UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NARPAT BHANDARI, ET AL., <br><br> Plaintiffs, <br> v. <br> CAPITAL ONE, N.A., ET AL., <br><br> Defendants. | Case No.: C 12-04533 PSG <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** <br><br> **(Re: Docket Nos. 6, 7)** |

Plaintiffs Narpat Bhandari and Chandra Bhandari (collectively, "Plaintiffs") move for a temporary restraining order to enjoin Defendants Capital One, N.A. ("Capital One"), T.D. Service Company, Chevy Chase Bank, F.S.B., Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") from proceeding with a foreclosure sale of their residence located at 14530 Deer Park Court, Los Gatos, California 95032. A foreclosure sale is scheduled for September 4, 2012. Among other claims, Plaintiffs allege that Defendants committed numerous violations of the Real Estate Settlement Procedures Act ("RESPA"). The parties appeared for a hearing on the motion earlier today.

### I.   LEGAL STANDARDS

The standard for issuing a TRO is the same as that for issuance of a preliminary injunction.[1] A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear

---

[1] *See New Motor Vehicle Bd. Of Cal. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n. 2 (1977).

1

Case No.: C 12-04533 PSG
ORDER

showing that the plaintiff is entitled to such relief."[2] "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest."[3] As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation.[4]

"These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases."[5] "Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury."[6]

## II.     DISCUSSION

The first element to be considered is the likelihood of Plaintiffs' success on the merits. In this analysis, the allegations of the complaint are to be taken as true.[7] Here, Plaintiffs allege that Defendants violated RESPA in the following ways: (1) failing to provide a written response to a qualified written request ("QWR"); (2) failing to provide a written response acknowledging receipt of the QWR within twenty days of the request; (3) failing to make appropriate corrections to Plaintiffs' account in response to QWR, or to investigate or to explain why it would not or could not do so; and (4) providing information to consumer reporting agencies regarding Plaintiffs'

---

[2] *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008).

[3] *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009).

[4] *Alliance for the Wild Rockies v. Cottrell,* 622 F.3d 1045, 1049 (9th Cir. 2010).

[5] *Big Country Foods, Inc. v. Board of Educ. of the Anchorage School Dist.,* 868 F.2d 1085, 1088 (9th Cir. 1989).

[6] *Id.*

[7] *See Hughes v. Wells Fargo Bank, N.A.,* 2009 WL 5174987, at *1 (D. Ariz. Dec. 18, 2009); *El-Shaddai v. Woodford,* 2006 WL 3087091, at *1 (E.D. Cal. Oct. 30, 2006).

2
Case No.: C 12-04533 PSG
ORDER

allegedly overdue payments while the QWR was pending. If Plaintiffs' allegations are taken as true, they plainly implicate RESPA and establish a likelihood of success on the merits.

The second element in the analysis is the likelihood that Plaintiffs will suffer irreparable harm in the absence of a TRO. It is clear that this element is present; the real property at issue in the foreclosure is Plaintiffs' principal residence.

The third element is whether the balance of equities tips in Plaintiffs' favor. Taking as true the complaint's allegations concerning at least the RESPA violations, equitable concerns dictate that foreclosure proceedings should be halted while the concerns raised by the complaint are addressed in court.

The final consideration is whether a TRO is in the public interest. The public interest favors keeping Plaintiffs in their home while the instant lawsuit proceeds, at least for the 14-day TRO period.

As all of these elements weigh in Plaintiffs' favor, their motion for a temporary restraining order will be granted. Fed. R. Civ. P. 65(c) states that this court may issue a TRO "only if the movant gives security in an amount that the court considers proper to pay costs and damages sustained by any party found to have been wrongfully enjoined or restrained." As of this date, Plaintiffs have posted no security. While the literal language of Rule 65(c) suggests that a restraining order will not be issued without security by the applicants, a district court has wide discretion in setting the amount of bond.[8] Here, if Defendants did indeed issue a valid loan to Plaintiffs, then such loan is adequately secured by the very property in question. Additional security is neither appropriate nor warranted.[9]

### III.   CONCLUSION

Because Plaintiffs have demonstrated that they will likely suffer immediate irreparable injury as a result of a foreclosure sale, the court GRANTS Plaintiffs' motion for a temporary restraining order and orders as follows:

---

[8] *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir. 2003).

[9] *See Phleger v. Countrywide Homa Loans, Inc.,* 2007 WL 410505672, at *6 (N.D. Cal. Nov. 16, 2007).

3
Case No.: C 12-04533 PSG
ORDER

1. Defendants are enjoined from carrying out a trustee's sale of the real property located at 14530 Deer Park Court, Los Gatos, California and from engaging in, committing or performing, directly or indirectly, the selling, transferring, conveying, or engaging in any other conduct adverse to Plaintiffs regarding the real property.

2. This order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this order by personal service or otherwise.

3. Defendants are ordered to show cause why they and their agents, servants, employees, representatives, and all persons acting in concert or participating with them should not be enjoined or restrained during the pendency of this action from engaging in, committing or performing, directly or indirectly, the selling, transferring, conveying, or engaging in any other conduct adverse to Plaintiffs regarding the real property located at 14530 Deer Park Court, Los Gatos, California.

4. Defendants may file a written response to this order to show cause on or before September 6, 2012. On September 14, 2012 at 10AM, all parties to this case shall appear for a preliminary injunction hearing in Courtroom 5, Fourth Floor, United States Courthouse, 280 S. 1st Street, San Jose, California.

5. Absent further action from the court, this TRO will expire on the date of the show cause hearing.

**IT IS SO ORDERED.**

Dated:   8/31/2012

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

4

Case No.: C 12-04533 PSG
ORDER