**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NARPAT BHANDARI AND CHANDRA BHANDARI,<br><br>               Plaintiffs,<br><br>        v.<br><br>CAPITAL ONE, N.A., et al.,<br><br>               Defendants. | Case No.: C 12-04533 PSG<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL**<br><br>**(Re: Docket No. 37)** |

In this mortgage foreclosure action, Plaintiffs Narpat Bhandari and Chandra Bhandari (collectively, "Plaintiffs") move for an injunction pending appeal of an order denying their motion for preliminary injunction. Defendants Capital One, N.A., Chevy Chase Bank FSB, and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") oppose the motion. On November 30, 2012, the parties appeared for a hearing scheduled on shortened time. Having reviewed the papers and considered the arguments of counsel, Plaintiffs' motion for injunction is DENIED.

On November 26, 2012, after full briefing and an extended hearing, the court denied Plaintiffs' motion for preliminary injunction.[1] Plaintiffs had sought to prevent foreclosure of real

---

[1] *See* Docket No. 36. A more complete recitation of the facts underlying the parties' dispute is provided in the November 26 order, as well as the court's August 31, 2012 order granting Plaintiffs a temporary restraining order. *See* Docket No. 11.

property located at 14530 Deer Park Court, Los Gatos, California (the "Property"). Based on the court's order, Defendants have now scheduled a Trustee's Sale of the Property to be held on December 5, 2012. Plaintiffs intend to appeal the November 26 order and therefore move for injunction barring any trustee's sale pending appeal.[2] According to Plaintiffs, failing to enjoin the sale will irreparably harm them because they will have lost their home, approximately $3-4 million in equity, and any improvements they have made. Plaintiffs note that real property is unique and money damages would be inadequate to make them whole in the event they prevail on appeal.[3] Plaintiffs also note that California's non-judicial foreclosure statutes would make it exceedingly difficult for them to set aside a trustee's sale.[4]

Defendants respond that Plaintiffs have not met the requirements for the court to grant an injunction. Because the November 26, 2012 order relies essentially on factual findings, the Ninth Circuit would apply a "clearly erroneous" standard of review. Plaintiffs have not even identified what it considers to be clearly erroneous in the court's November 26 order and instead focus exclusively on the alleged irreparable harm that would follow from the sale. This deficiency alone is fatal to Plaintiffs' motion for injunction. Even if this were not so, none of the other requirements for an injunction have been met either. First, Plaintiffs will not be irreparably harmed because they may simply reinstate the loan by paying the deficiency in payments totaling $407,701.20. Plaintiffs' bank records reflect that they have at least $1.4 million in cash. Second, the balance of equities favor Defendants. Plaintiffs' 2008 appraisal report suggesting they have $3-4 million in equity that would be lost in the sale is no longer valid. The market conditions in the real estate market have since changed substantially since 2008 and a more recent appraisal of the Property prepared on February 17, 2012 values the Property at $5,472,750. In fact, Plaintiffs themselves have conceded that their home is worth no more than $4 million, probably less. Plaintiffs'

---

[2] At the time of their motion and hearing on the motion, Plaintiffs had yet to file their Notice of Appeal, but have since done so. *See* Docket No. 44. The court will proceed to address the merits of the pending motion without deciding whether a notice was in fact required in advance.

[3] *See Sundance Land Corp. v. Community First Federal Sav. And Loan Ass'n,* 840 F.2d 653, 661 (9th Cir. 1988).

[4] *See* Cal. Civ. Code Section 2924.

2

Case No.: C 12-04533 PSG
ORDER

1    argument that they should be permitted to sell their Property in excess of the debt to preserve their

2    equity is therefore unfounded. Third, Plaintiffs do not even address the public interest in their

3    motion.

4         The court agrees with Defendants. Before issuing an injunction pending appeal pursuant to

5    Fed. R. App. P. 8(a), trial courts in the Ninth Circuit must consider the following factors: (1) a

6    strong likelihood of success on the merits; (2) the balance of irreparable harm and (3) the public

7    interest in granting the injunction.[5] As to the first factor – likelihood of success on the merits – the

8    court addressed this factor at length in the November 26 order and concluded that Plaintiffs could

9    not establish a likelihood of success on any of their claims.[6] Significantly, either in their papers or

10   at the hearing on November 30, Plaintiffs did not identify even one legal or factual error in the

11   November 26 order. Nor did Plaintiffs identify any previous instance of the Ninth Circuit or any

12   trial court issuing any injunction pending appeal in the absence of any demonstration of error in the

13   underlying order's analysis. As to the second factor – whether the balance of irreparable harm

14   favors movants – the court also addressed this factor in the November 26 order and concluded that

15   if Defendants foreclosed, Plaintiffs *may* suffer irreparable harm in that they might lose their initial

16   equity in the form of their down payment and the value of any improvements they have made on

17   their home. But in response to Defendants' evidence that any such equity no longer exists, based on

18   the substantial decline in the value of the property, Plaintiffs offered no response.  As to the third

19   factor – whether the public interest favors granting the injunction – the court previously found that

20   even if Plaintiffs could establish irreparable harm, Plaintiffs had not established that any other

21   factors weighed in their interest. Having again considered the merits of Plaintiffs' motion for

22   preliminary injunction and determined again that they cannot establish a likelihood of success on

23   their claims, the court must once again conclude that the public's interest does not favor granting

24   an injunction and further delaying foreclosure proceedings.

---

25   [5] *See Warm Springs Dam Task Force v. Gribble,* 565 F.2d 549, 551 (9th Cir. 1977). *See also*
26   *Digital Communications Network, Inc. v. AB Cellular Holding LLC dba AT&T Wireless Services,*
     No. 99-5418 CM (AJWX), 1999 WL 1044234, at *3 (C.D. Cal. Aug. 19, 1999) (referring to two
27   standards, the standard for granting a stay pending appeal and the standard for issuance of an
     injunction pending appeal, to evaluate a motion for injunction pending appeal).

28   [6] *See* Docket No. 36 at 8-14.

3

In sum, all of the factors mandated by the Ninth Circuit when considering an injunction pending appeal weigh in Defendants' favor. No matter the unfortunate effect of the proposed sale, these factors must be respected. Based on the record presented to the court, an injunction simply is not warranted.

**IT IS SO ORDERED.**

Dated:    12/3/2012

PAUL S. GREWAL
United States Magistrate Judge

Case No.: C 12-04533 PSG
ORDER