UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NARPAT BHANDARI AND CHANDRA BHANDARI,<br><br>          Plaintiffs,<br>     v.<br><br>CAPITAL ONE, N.A., et al.,<br><br>          Defendants. | Case No.: C 12-04533 PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>**(Re: Docket No. 91)** |

In this mortgage foreclosure action, Defendants Capital One, N.A. ("Capital One"). T.D. Service Company ("TD Services"), and Chevy Chase Bank, F.S.B. ("CCB"), (collectively, "Defendants") move to dismiss Narpat and Chandra Bhandari's (collectively, "Plaintiffs") second amended complaint ("FAC"). Plaintiffs oppose the motions. Oral arguments on the motions were heard on June 18, 2013 and August 13, 2013. Having reviewed the papers and considered the arguments of counsel, Defendants' motions to dismiss are GRANTED without leave to amend.

## I.   BACKGROUND

### A. Factual Background

The court draws the following facts, taken as true for the purposes of the motion to dismiss, from Plaintiffs' second amended complaint ("SAC") and from the documents judicially noticed.

1

Case No.: C 12-04533 PSG
ORDER

On November 14, 2005, Plaintiffs obtained a loan (the "Loan Agreement") from CCB on real property located at 14530 Deer Park Court in Los Gatos, California 95032 (the "Property").[1] On November 16, 2005, Plaintiffs signed a Deed of Trust ("DOT") against the Property to secure a Promissory Note ("Note") in the amount of $4,570,200.00 as part of the loan agreement.[2]

On May 5, 2010, Plaintiffs entered into a forbearance agreement with Capital One. At the time, Plaintiffs were in default on the loan described above.[3] In clause two of the forbearance agreement, Plaintiffs admitted that they were in default on the loan and waived any claims against Capital One or its agents arising from the foreclosure process. In exchange, Capital One agreed not to exercise its right to foreclose on the Property until at least August 15, 2011, so long as Plaintiffs made an initial payment of $93,000 and fifteen subsequent, monthly payments of $28,240.17 in a timely manner, so as to bring their payments up to date.[4]

Plaintiffs were advised in the execution of this agreement by Katerina Bhonnon, an attorney with the law firm of Manatt, Phelps, and Phillips ("Manatt").[5] At the time, Barrie VanBrackle, another Manatt partner, was actively representing Capital One in unrelated matters.[6] Accordingly, Manatt executed a disclosure and waiver form with both Capital One and Plaintiffs to avoid any ethical conflict. Both parties signed the form consenting to Manatt's representation of Plaintiffs in this matter. On October 22, 2010, Capital One rescinded the existing notice of default and intent to foreclose, in compliance with the forbearance agreement.

Plaintiffs made the required payments on time under the forebearance agreement.[7] However, after the forbearance period ended, Plaintiffs again fell behind in their payments.

---

[1] *See* Docket No. 85 at ¶ 3.

[2] *See id.* at ¶ 3A.

[3] *See id.* at Exh. F.

[4] *See id.*

[5] *See id.* at ¶ 4-4B.

[6] *See id.* at Exh. D.

[7] *See id.* at ¶ 4K.

2
Case No.: C 12-04533 PSG
ORDER

On May 11, 2012, Capital One filed a new notice of default, stating that Plaintiffs had fallen $278,854 behind in payments. Capital One issued a notice of trustee's sale on August 7, 2012, and December 18, 2012, it foreclosed on the property and sold it at a public auction through its agent, T.D. Services.

**B. Procedural History**

Plaintiffs commenced the present action in state court on August 24, 2012. Defendants removed to federal court on August 29, 2012. On August 31, 2012, the court granted Plaintiffs' motion for a temporary restraining order.[8] On September 14, 2012, Defendants filed a motion to dismiss the complaint for failure to state a claim on which relief may be granted. This court granted that motion on December 21, 2012, with leave to amend.

On November 26, 2012, while the first motion to dismiss was pending before the court, the court denied Plaintiffs' motion for a preliminary injunction.[9] On December 2, 2012, Plaintiffs appealed the order denying their motion for preliminary injunction.[10] On December 3, 2012, the court denied Plaintiffs' motion for an injunction pending appeal.[11]

On January 21, 2013, Plaintiffs filed their first amended complaint. On February 7, 2013, Capital One again moved to dismiss the complaint for failure to state a claim on which relief may be granted, and on March 24, 2013, T.D. Services moved to dismiss the same complaint on the same grounds. On April 22, 2013, this court granted those motions to dismiss, again with leave to amend. In its April 22 order, the court spoke directly to the ways in which each of Plaintiffs' claims failed and provided concrete guidance as to how those failings should be remedied.

On May 3, 2013, Plaintiffs filed a second amended complaint. The second amended complaint reasserts eight of the ten causes of action set forth in the failed first amended complaint. On May 7,

---

[8] *See* Docket No. 11.

[9] *See* Docket No. 36.

[10] *See* Docket No. 44. Plaintiffs' interlocutory appeal does not divest this court of jurisdiction to consider the pending motion to dismiss. *See Phelan v. Taitano*, 233 F.2d 117, 119 (9th Cir. 1956).

[11] *See* Docket No. 46.

3

Case No.: C 12-04533 PSG
ORDER

1   2013 and May 20, 2013, T.D. Services and Capital One moved to dismiss this complaint as well for
2   failure to state a claim on which relief may be granted.

## II.     LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[12] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[13] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[15]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[16] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[17] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[18] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[19]

---

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

[14] *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009).

[15] *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).

[16] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

[17] *See id.*

[18] *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly,* 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[19] *Eminence Capital, LLC v. Asopeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

4
Case No.: C 12-04533 PSG
ORDER

### III. DISCUSSION

#### A. Request for Judicial Notice

Capital One and Chevy Chase Bank have requested that the court take judicial notice of fourteen documents stemming from Plaintiffs' home finance history in considering this motion to dismiss.[20] T.D. Services requests that the court take notice of four additional documents.[21]

Out of these eighteen documents, Plaintiffs object only to the third of T.D. Services' requests: the Substitution of Trustee on the property as recorded in the Santa Clara County Recorder's Office.[22]

Under Fed. R. Evid. 201(b), a court may take judicial notice of facts that are either generally known within the district or the veracity of which can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Plaintiffs object to judicial notice of the Substitution of Trustee on the grounds that it may be incomplete. However, public records are clearly documents from a source that can be readily checked. Therefore, Plaintiffs' objection is overruled, and the court will take judicial notice of all submitted documents.

#### B. Motion to Dismiss

In the order dismissing Plaintiffs' First Amended Complaint, this court gave Plaintiffs explicit guidance on how they might remedy the deficiencies in their complaint.[23] One (or more) of three problems applied to each of the claims at that time: (1) they were barred by the forbearance agreement of May, 2010; (2) they were barred by the statute of limitations; or (3) they were simply not independent causes of action.[24]

---

[20] *See* Docket No. 92.

[21] *See* Docket No. 89.

[22] *See* Docket No. 90.

[23] *See* Docket No. 82.

[24] *See id.*

These same three issues continue to plague the present complaint.   Because Plaintiffs have now been given the opportunity to amend their complaint twice, and each time, they have failed to do so, the court now concludes that it would indeed be futile to grant Plaintiffs yet another opportunity to amend. All claims dismissed therefore will be dismissed without leave to amend.

### 1. Claims Barred by Forbearance Agreement: Quiet Title, TILA, FDCPA

In the order dismissing the last amended complaint, this court found that Plaintiffs' causes of action under the Truth in Lending Act ("TILA") and to quiet title on the Property were barred by the forbearance agreement described above.[25]   In order to maintain these actions, the court instructed Plaintiffs that they must plead facts invalidating the waiver provision of the agreement.[26]

In the SAC, Plaintiffs allege that the waiver provision and indeed the entire forbearance agreement are invalid for two reasons.[27]   First, they allege that they are invalid because they were induced to sign the agreement by the fraudulent actions of Ms. Bohannon and Manatt.[28]   Second, they allege that there was insufficient consideration for the waiver of their claims, such that the agreement is unenforceable.[29]   Both of these allegations are unavailing.

Plaintiffs attempt to impute statements allegedly made by Manatt to Defendants, statements which allegedly promised benefits from the forbearance agreement that Defendants did not honor.[30] However, the exhibits attached to the SAC, as well as those of which the court has taken judicial notice, clearly establish that despite Plaintiffs' beliefs to the contrary, Ms. Bohannon and her firm were not acting as "dual agents" in the negotiations in question.   Indeed, the exhibits presented to the court make clear that Manatt and its employees explicitly disclosed any potential conflict of interest and gave both parties the opportunity to object to their participation in the process.[31]   The documentation clearly

---

[25] *See* Docket No. 82 at 10:1-3; 11:4-8.

[26] *See id.*

[27] *See* Docket No. 85 at ¶ 4.

[28] *See id.* at ¶¶ 4B, E, F, G, I.

[29] *See id.* at ¶ 4H.

[30] *See id.* at ¶ 4I.

[31] *See, e.g., id.* at Exh. C, D.

Case No.: C 12-04533 PSG
ORDER

6

indicates that Manatt was to be counsel for Plaintiffs and Plaintiffs alone in the matter of the forbearance agreement.[32] Therefore, Manatt's statements may not be imputed to Defendants, regardless of Plaintiffs' subjective beliefs about their relationship.

Plaintiffs also argue that they did not receive adequate consideration for their promise to waive all claims related to the foreclosure process. However, the documents submitted for judicial notice clearly show that Defendants withdrew the pending Notice of Default,[33] and they did not issue a new one until almost two years after the forbearance agreement was signed.[34] It was yet another seven months before Plaintiffs were removed from the home. Had Plaintiffs not consented to the forbearance agreement, Capital One could have forced their removal much sooner. Thus, the additional time that Plaintiffs were able to remain in their home in an attempt to pay off their debts did constitute consideration for the waived claims.

Because Plaintiffs' attempts to invalidate the forbearance agreement fail, their claims under TILA and to quiet claim remain barred by the agreement. These claims are DISMISSED without leave to amend.

In addition to the claims described above, Plaintiffs' fifth cause of action in the SAC, stemming from the Fair Debt Collection Practices Act ("FDCPA"), also "challenge[s] or contest[s] the foreclosure process."[35] Plaintiffs' raise this cause of action for the first time in this complaint, and they assert it against T.D. Services and Capital One. The forbearance agreement clearly precludes the assertion of this claim against Capital One and Chevy Chase. The forbearance agreement would also preclude the assertion of the claim against T.D. Services if they were "acting on behalf of" Capital One or Chevy Chase.[36] According to the complaint, Capital One "instructed TD Services"[37] to engage in the conduct

---

[32] *See* Docket No. 82 at Exh. C ("Manatt Phelps & Phillips, LLP represents Narpat and Chandra Bhandari . . . with respect to their [l]oan."); *id.* at Exh. D ("Capital One is represented by its own separate counsel in connection with the Designated Matter.").

[33] *See* Docket No. 92 at Exh. H.

[34] *Id.* at Exh. I.

[35] Docket No. 85 at Exh. F.

[36] *Id.*

7

Case No.: C 12-04533 PSG
ORDER

that allegedly violated the FDCPA, making it facially obvious that T.D. Services was acting on its behalf.  Therefore, the forbearance agreement precludes Plaintiffs from bringing the FDCPA claim against T.D. Services as well, and that cause of action is DISMISSED without leave to amend.

### 2. Claims Barred by Statute of Limitations: Fraud, Breach of Contract

Causes of action for fraud and breach of contract are subject to three-year[38] and four-year[39] statutes of limitations respectively.  The statute of limitations for fraud begins to run at the time that the alleged fraud "was or should have been discovered,"[40] and for breach of contract, it begins to run at the time of breach.[41] These claims were both dismissed as time barred from the first amended complaint, and Plaintiffs were instructed that they would need to plead facts that would have tolled the statute of limitations in order to get these claims past the motion to dismiss.[42]  They have not done so.

As described in the previous order, and verified by the various exhibits attached to the pleadings for this motion, both the original mortgage note from 2005 and the loan modification agreement from 2008 bear Plaintiffs' signatures.[43]  Plaintiffs offer no explanation at all as to why the 2008 loan agreement would not have informed them of the alleged fraud, and their sole explanation for why the original mortgage did not have provided sufficient information to uncover it is that it was "part of hundreds of which were presented shortly before the close of escrow."[44]  Nonetheless, the signature on the note has legal weight, and it must be treated as such.

The same reasoning applies to Plaintiffs' claims for breach of contract.  As discussed in the previous order, any breach of contract claim based on a miscalculation of interest before August 24,

---

[37] Docket No. 85 at ¶ 49.

[38] *See* Cal. Civ. Proc. Code § 338(d).

[39] *See* Cal. Civ. Proc. Code § 338(l).

[40] *Fuls v. Shastina Properties, Inc.* 448 F. Supp. 983, 987 (N.D. Cal. 1978).

[41] *See, e.g., H.B. Filmes, LTDA v. CBS, Inc.* 98 Fed. Appx. 596, 598 (9th Cir. 2004).

[42] *See* Docket No. 82 at 16-17.

[43] *See* Docket No. 92 Exhibits C, E.

[44] Docket No. 85 ¶ 3E.

8

Case No.: C 12-04533 PSG
ORDER

2008 occurred beyond the statute of limitations.[45] Without a more compelling justification for the delay in bringing their claims, Plaintiffs' claims for fraud and breach of contract must be DISMISSED without leave to amend.

After that date, the facts alleged and exhibits submitted directly contradict Plaintiffs' legal conclusions regarding Defendants' alleged breaches. Plaintiffs argue that Defendants' breached by "improperly rounding up ¼% the interest charged for each monthly payment[,] periodically adding this improperly charged interest to[the] principal, and then improperly charging interest on this non-existent principal."[46] However, the uncontested copy of the deed of trust and mortgage note submitted for judicial notice states specifically in the "adjustable rate loan note" that the lender may round up by up to .125% each time it calculates the interest rate, and it states that the principal may increase over time, although if it ever exceeds 110% of original amount borrowed ($4,570,200), the minimum payment must be adjusted.[47] The Loan Modification Agreement of September 2008 did just that, adjusting the minimum payment and explicitly expanding the potential cap on accrued principal.[48] Plaintiffs have not alleged any additional facts which would undermine these documents. Thus, Plaintiffs' claims for breach of contract after August 24, 2008 are DISMISSED without leave to amend, as they are controverted by the submitted documents.

### 3. Non-Causes Of Action: Reformation of Contract, Declaratory Relief, Unfair Business Practices

In dismissing the FAC, this court previously explained that reformation of contract and declaratory relief do not constitute independent causes of action.[49] Instead, they are specific types of remedies that may be sought if a party successfully proves an underlying cause of action.

---

[45] *See* Docket No. 82 at ¶¶ 16-18.

[46] Docket No. 85 at ¶ 18.

[47] *See* Docket No. 92 at Exh. C.

[48] *See id.* at Exh. E.

[49] *See* Docket No. 82 at ¶¶ 18-20.

9

Case No.: C 12-04533 PSG
ORDER

Similarly, the court explained that a claim under Cal. Bus. & Prof. Code § 17200 must be derivative of some other illegal conduct.[50]  Here, as there, none of Plaintiffs' underlying causes of action survive to act as an anchor for their unfair business practices claim.

Accordingly, Plaintiffs' causes of action for reformation of contract, declaratory relief, and unfair business practices are DISMISSED without leave to amend.

## IV.  CONCLUSION

Defendants' motions to dismiss Plaintiffs' SAC are GRANTED without leave to amend.

In its last order, this court cautioned that Plaintiffs would have just one more opportunity to bring a successful complaint in this matter.  They have failed to do so.  Accordingly, a judgment entered for Defendants will follow.

**IT IS SO ORDERED.**

Dated:   September 27, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[50] *See id.* at ¶ 20.